IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WANDA LOU BURGESS
and DANNY BURGESS

    Plaintiffs,

vs.                              CASE NO. 5:10cv81/RS-EMT

HOLMES COUNTY BOARD OF
COUNTY COMMISSIONERS,
HOLMES COUNTY ROAD
DEPARTMENT, and DON BENTON,

    Defendants.
_____/

## ORDER

Before me is Plaintiffs' motion for preliminary injunction (Doc. 3).

One of the elements required before a district court may grant a preliminary injunction is a showing by the movant that it has a substantial likelihood of success on the merits of the case. *Horton v. City of St. Augustine,* 272 F. 3d 1318, 1326 (11th Cir. 2001). Plaintiffs cannot satisfy this element, because it is doubtful that this case presents issues for federal jurisdiction.

A takings clause claim does not become ripe unless the state provides no remedy to compensate the landowner for the taking. *Bickerstaff Clay Products Co. v. Harris County*, 89 F.3d 1481, 1490-91 (11th Cir. 1996). Florida courts have

1

long recognized that an inverse-condemnation remedy is available for alleged takings violations.  *See Busse v. Lee County,* 317 Fed. Appx. 968, 972 (11th Cir. 2009).  Furthermore, Florida law provides a remedy for landowners who dispute the "dedication" of a road to the public.  Fla. Stat. § 95.361(4).  Plaintiffs do not allege that they have unsuccessfully pursued the available state procedures.  Thus, their takings claim is not ripe and this Court lacks subject matter jurisdiction.  Without subject matter jurisdiction, it is impossible for Plaintiffs to succeed on the merits of the case.  Therefore, the Plaintiffs have failed to satisfy the first requirement for a preliminary injunction.

Plaintiffs argue that subject matter jurisdiction is present because they are making a challenge based on the "public use clause," which was found to confer federal jurisdiction in another case brought by Plaintiffs' counsel, *Hughes v. Holmes Co. Brd. of Co. Comm'rs et. al.,* 5:03-cv-265/RV-MD.  However, the Eleventh Circuit has held that reaching the "public use" issue is error when a takings claim is not yet ripe.  *Bickerstaff Clay Products Co. v. Harris County*, 89 F.3d 1481, 1489 n. 14 (11th Cir. 1996).

It is unnecessary to have a hearing on the factual issues of Plaintiffs' motion since Plaintiffs cannot satisfy the first element required for a preliminary injunction–likelihood of success on the merits–without federal jurisdiction.  Plaintiffs' motion for a preliminary injunction (Doc. 3) is denied.

**ORDERED** on May 7, 2010.

                                        **/s/ Richard Smoak**
                                        **RICHARD SMOAK**
                                        **UNITED STATES DISTRICT JUDGE**