IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WANDA LOU BURGESS
and DANNY BURGESS

    Plaintiffs,

vs.                                  CASE NO. 5:10cv81/RS-EMT

HOLMES COUNTY BOARD OF
COUNTY COMMISSIONERS,
HOLMES COUNTY ROAD
DEPARTMENT, and DON BENTON,

    Defendants.
_____/

## ORDER

Before me is Defendants' Motion to Dismiss (Doc. 15). Plaintiffs did not file a response.

## I. Background

I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.,* 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)). Plaintiffs allege that they are the sole owners of the property located at 1690 Highway 162 in Westville, Florida. A portion of this parcel is used by Defendant Don Benton as a driveway to access his

adjoining property, which is otherwise landlocked from public roads. Defendant Holmes County Road Department has once before graded the disputed road, and now seeks to dedicate it to the public under Florida Statute § 95.3561. Don Benton additionally claims a prescriptive easement permitting him to use the driveway.

Plaintiffs challenge the road's dedication as improper and as a violation of the takings clause, arguing that because the parcel crosses their land only to give access to one private home, it fails to satisfy the "public use" part of the takings clause. Plaintiffs additionally allege that Defendants' continued entry onto their land is illegal trespass and is causing damage to the property. Plaintiffs seek injunctive relief against Defendants to bar them from entry on the disputed part of the property.

Defendants have moved for dismissal on several grounds, including pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## II. Analysis

### A. Rule 12(b)(1) Standard of Dismissal for Lack of Subject Matter Jurisdiction

Dismissal under Rule 12(b)(1) may result from a facial attack which challenges jurisdiction based on the complaint, or a factual attack which challenges the existence of subject matter jurisdiction regardless of the pleadings. *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990). A facial attack "requires the

court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence* at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507,511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358 (1980))(citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)). Here, Defendants have made a facial attack on Plaintiffs' complaint.

The doctrine of ripeness denies subject matter jurisdiction to claims which are before the court prematurely. *Nat'l Adver. Co. v. City of Miami,* 402 F.3d 1335, 1339 (11th Cir. 2005). Claims under the takings clause are not ripe unless all remedies provided by the state have been used without resulting in just compensation. *Williamson County Reg. Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 194-95, 105 S. Ct. 3108 (1985). The Eleventh Circuit has held that reaching just the "public use" issue of the takings clause is error if the takings claim is not ripe. *Bickerstaff Clay Products Co. v. Harris County,* 89 F.3d 1481, 1489 n.14 (11th Cir. 1996).

**B. Application**

The State of Florida provides multiple remedies for an alleged takings violation. An exercise of eminent domain which is not for public use may be enjoined in appropriate proceedings. *Isleworth Grove Co. v. Orange County Fla.,*

79 Fla. 208, 84 So. 83, 84 (1920). Furthermore, Florida Statute § 95.3561(4) allows landowners to challenged the re-designation of a road as public.

Plaintiffs have not alleged a failure of these state mechanisms to provide effective relief. Plaintiffs' sole argument for jurisdiction is predicated upon an order in *Hughes v. Holmes Co. Brd. of Co. Comm'rs et. al.,* 5:03-cv-265/RV-MD, which granted federal jurisdiction in another case brought by Plaintiffs' counsel. However, the Eleventh Circuit has held that it is error to reach the public use issue before the takings claim is ripe. *Bickerstaff Clay Products Co. v. Harris County,* 89 F.3d 1481, 1489 n. 14 (11th Cir. 1996). Plaintiffs do not allege that their state remedies have been exhausted; therefore their public use challenged is not ripe under Eleventh Circuit precedent and this Court lacks subject matter jurisdiction. Because there is no subject matter jurisdiction, I need not reach Defendants' other grounds for dismissal.

### III. Conclusion

Defendants' Motion to Dismiss (Doc. 15) is **granted**, and this case is dismissed. The Clerk is directed to close the file.

**ORDERED** on June 7, 2010.

                                **/s/ Richard Smoak**
                                **RICHARD SMOAK**
                                **UNITED STATES DISTRICT JUDGE**